UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DENISE L. HOLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:24-CV-00090 HEA |
| | ) |
| 10TH JUDICIAL CIRCUIT OF MARION | ) |
| COUNTY MISSOURI, et al., | ) |
| | ) |
| Defendants. | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Denise Holman for leave to commence this civil action without prepaying fees or costs. [ECF No. 2] After review of the financial information, the Court will grant plaintiff's motion. Furthermore, after reviewing the pleadings in this matter, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arg uable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On March 9, 2010, the State of Missouri filed an information charging plaintiff Denise Holman with the Class C felony of assault in the second degree. *State v. Holman*, No. 10MR-CR00099-01 (10th Jud. Cir., Marion County Court).[1] On August 2, 2010, plaintiff withdrew her not guilty plea and entered a plea of not guilty by reason of mental disease or defect excluding responsibility. As such, the circuit court acquitted her of the charge of assault in the second degree, and on August 25, 2010, plaintiff was delivered to the Missouri Department of Mental Health for an indefinite term. Plaintiff did not file a direct appeal of her commitment.

---

[1] Plaintiff's criminal case is not available for review on Missouri Case.Net, Missouri's online case management system. However, plaintiff has provided case information for the Court's review. [ECF No. 6].

2

Plaintiff filed a notice of intent to petition for release on November 20, 2015. On December 15, 2015, an attorney for the Missouri Department of Mental Health filed a motion to dismiss and an objection to plaintiff's application for unconditional release. There is no indication in the Marion County Circuit Court docket that the court ruled on the motion for conditional release, or on the subsequent motion filed by plaintiff, as the next docket entries are for correspondence filed in January and February of 2018.

Plaintiff filed a petition for writ of habeas corpus in this Court seeking conditional release on June 27, 2019. *Holman v. Vincenz*, No. 4:19-CV-1857 NCC (E.D.Mo.). Plaintiff filed an amended petition on a court form on July 31, 2019.[2] On August 27, 2019, the Court required plaintiff to show cause why her § 2254 petition should not be dismissed as untimely regarding her original condition. On December 17, 2019, the Court denied and dismissed plaintiff's petition for writ of habeas corpus on the grounds that her challenge to her August 2010 commitment order was time-barred. Additionally, plaintiff's request for conditional or unconditional release from the Department of Mental Health had not been properly exhausted. *Id*. Plaintiff did not appeal the denial of her petition for writ of habeas corpus.

On September 13, 2021, plaintiff filed a petition for writ of habeas corpus in the Circuit Court of Marion County seeking release from her confinement in the Missouri Department of Mental Health. Plaintiff included three grounds for relief in her petition: (1) that her attorney in August of 2010 failed to advise her that her not guilty by reason of mental defect plea would be

---

[2]Plaintiff's application for writ contained four grounds for relief: (1) that documents were omitted from her criminal action and thus her not guilty by reason of mental defect was deemed invalid; (2) that her due process rights had been violated because the circuit clerk's office had failed to provide her with plea transcripts; (3) that a 2017 escape/elopement charge from Audrain County was invalid because she had originally been unlawfully imprisoned at the Department of Mental Health; and (4) her psychiatric condition had not been assessed prior to her plea in her criminal action. *See Holman v. Vincenz*, No. 4:19-CV-1857 NCC (E.D.Mo.).

3

her only defense and failed to file the required notices under Mo.Rev.Stat. § 552.030.2; (2) that her counsel was ineffective for failing to advise her of the consequences of the not guilty by reason of mental defect plea; and (3) that she was entitled to relief because she did not file a written notice that she had no other defenses as required by statute and case law. *Holman v. Javois*, No. 21MR-CV00972 (10th Jud. Cir., Marion County Court). On October 8, 2021, the Circuit Court transferred the case to the St. Louis City Circuit Court because plaintiff was, at that time, being civilly detained at the St. Louis Psychiatric Rehabilitation Center. *See Holman v. Javois*, No. 2122-CC09496 (22nd Jud. Cir., St. Louis City Court). On March 31, 2022, counsel for the Department of Mental Health filed a response to plaintiff's petition for writ of habeas corpus, along with copies of the plea transcript from plaintiff's August 2010 proceedings in Marion County Circuit Court. Counsel for the Department of Mental Health stated:

> Plaintiff's third claim is meritorious. As Defendant is not aware of what conversations Plaintiff and counsel may have had, the first and second claims cannot be fairly addressed without further investigation. However, investigation in this matter will not be necessary. Section 552.030.2 prescribes the method by which a court may accept an NGRI plea. The statute provides a method for proving that a person wishing to make an NGRI plea understands the nature of that plea. Since Defendant concedes that Plaintiff's plea did not comport with the requirements of § 552.030.2, there is no need to address what she may or may not have known, or what counsel may or may not have told her, when she made the deficient plea over a decade ago.
>
> Undersigned counsel has asked the prosecutor's office in Marion County to search the file for a notice indicating Plaintiff had no other defenses. The prosecutor's office has not been able to find such a notice. Undersigned counsel has also asked the Marion County Circuit Court if it had a copy of any document referring to Plaintiff's waiver of all defenses. The clerk stated her office was not able to find such a notice. The plea transcript and judgment make no reference to a notice of no other defenses. (citation omitted)
>
> *State v. Grantham*, 519 S.W.2d 19, 21 (Mo. 1976), controls here. In *Grantham*, the Missouri Supreme Court held that a commitment under Section 552.030.2 RSMo is invalid unless the defendant filed a written notice that no other defense existed. *Id.* No such notice has been found here. The proper remedy here is to return Plaintiff to the position she was in before the Electronically Filed - City of St. Louis - March

4

> 31, 2022 - 12:00 PM NGRI plea was accepted. *See State ex rel. Kelly v. Inman*, No. SC97744, 2020 WL 203148 at *4 (Jan. 14, 2020) (vacating NGRI plea and returning Plaintiff to pre-trial status); *Thompson v. Sanders*, 70 S.W.2d 1051, 1055 (Mo. banc 1934) (explaining that if the only error is that the judgment is void, the proper relief is to return the Plaintiff for resentencing); *see also State ex rel. Engel v. Dormire,* 304 S.W.3d 120, 129–30 (Mo. 2010); *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 549 (Mo. 2003). So, Plaintiff should be returned to pre-trial status in Marion County. Furthermore, Plaintiff should be returned to the custody of the Marion County Sheriff, who will hold her on the pending second-degree assault charge pending further proceedings.

*Holman v. Javois*, No. 2122-CC09496 (22nd Jud. Cir., St. Louis City Court).

On June 13, 2022, Circuit Court Judge Jason Sengheiser granted plaintiff's petition for writ of habeas corpus and vacated the 2010 judgment of the Marion County Circuit Court in *State v. Holman*, No. 10MR-CR00099-01 (10th Jud. Cir., Marion County Court). Plaintiff was ordered transferred to the custody of Marion County Sheriff as a pretrial detainee.

On June 14, 2022, the prosecutor in Marion County entered an order in plaintiff's criminal case, *State v. Holman*, No. 10MR-CR00099-01 (10th Jud. Cir., Marion County Court), noting that he was declining to prosecute (*nolle presequi*) the Class C felony of assault in the second degree against plaintiff.

## The Complaint

On November 22, 2024, plaintiff filed a pro se civil complaint and motion for leave to proceed in forma pauperis in the Court. [ECF Nos. 1 and 2]. Plaintiff alleges violations of her constitutional rights against: (1) the 10th Judicial Circuit Court of Marion County Missouri; (2) two Marion County Prosecutors – Thomas Redington and Luke Bryant; (3) plaintiff's public defender – Johnathan Hoover; (4) two Marion County Circuit Court judges – Rachel Bringer Sheppard and Robert Clayton; (5) the Sheriff of Marion County, Jimmy Shinn; (6) Lee Clayton, Counsel for the Missouri Department of Mental Health; and (7) Jane/John Does, whom plaintiff

5

identifies as "County Actors and Deputies." Plaintiff sues defendants in their individual and official capacities.

Plaintiff alleges that the June 2022 order by St. Louis City Judge Jason Sengheiser, which vacated her 2010 plea of not guilty by reason of mental disease or defect, equates to a finding that her procedural due process rights were violated under the Fourteenth Amendment. She asserts that she is entitled to damages for wrongful detainee in the Missouri Department of Mental Health.[3] Plaintiff also seeks abolishment of the "indefinite commitment" process in Missouri. In support of her argument, plaintiff has attached a copy of the opinion written by Judge Jason Sengheiser, as well as a copy of the June 14, 2022 *Nolle Prosequi* Order from Marion County Prosecutor Luke Bryant.

Plaintiff's allegations against defendants are stated as follows:

> Thomas P. Reddington failed to follow pre-requisite. [sic]. Johnathan S. Hoover failed to follow procedures. Robert M. Clayton III ordered commitment and entered NGRI plea without adhering [sic] to pre-requisite procedures and statutes. Lee Clayton Murray objected to application for conditional release on December fifthteenth [sic] of 2015. Rachel Bringer Sheppard presiding judge as of December twenty-fourth 2010; failed to follow pre-requisite procedures. Luke Bryant failed to follow pre-requisite procedures. Jimmy Shinn arranged for transport to department of mental health as the sheriff. Jane Does at the courthouse and Sheriff's office failed to follow procedures. John Does at the courthouse and Sherrif's [sic] office failed to follow procedures.

[ECF No. 1, p. 6].

---

[3] Plaintiff also states in a conclusory manner that she was subjected to "forced drugging, mental anguish, physical restraint, emotional distress, etc." during her civil detainment in the Missouri Department of Mental Health. The Court notes that plaintiff has filed a companion civil rights case in this Court against a plethora of defendants employed by the Missouri Department of Mental Health. *See Holman v. Vincenz, et al.,* No. 2:24-CV-00101 HEA (E.D.Mo.). The claims in that lawsuit include assertions that she was forcibly medicated, denied the ability to participate in transition programs and denied visitations at the Department of Mental Health due to her alleged refusal of Covid vaccinations. Because plaintiff's lawsuit in *Holman v. Vincenz, et al.,* No. 2:24-CV-00101 HEA (E.D.Mo.) relates to alleged civil rights violations that purportedly occurred during her time as a civil detainee in the Missouri Department of Mental Health, the Court will not address those claims in the present lawsuit. They will instead be dismissed, without prejudice, from the instant matter because they are duplicative of the claims in *Holman v. Vincenz, et al.,* No. 2:24-CV-00101 HEA (E.D.Mo.).

6

For relief in this action plaintiff seeks damages in an amount totaling $2.5 million dollars. She also seeks "the same amount for punitive damages as a result of lost wages, medical bills mental, emotional and physical pain." [ECF No. 1, p. 7]. [4]

**Discussion**

**A. Plaintiff's Allegations Against the Jane/John Doe Defendants are Subject to Dismissal**

Plaintiff makes conclusory allegations in her complaint against Jane/John Doe courthouse and Sheriff's Office employees.[5] The Court, however, is unable to ascertain who plaintiff is referring to and what plaintiff believes these individuals did to violate her rights. It is also impossible to ascertain exactly when these alleged violations occurred. In other words, did the purported violations occur when plaintiff was transported from Marion County Jail to the Department of Mental Health in 2010, or is she referring to another time?

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can

---

[4] On page 5 of plaintiff's complaint, she states that she would like to "abolish indefinite commitment and require review of all procedural documents surround NGRI plea[s] through courts" in Missouri. [ECF No. 1, p. 5]. However, she has not brought a separate claim for prospective injunctive relief in her complaint, (given that the statute no longer applies to her), nor has she indicated that she is seeking to declare the Missouri NGRI statute, or its plea proceedings, as unconstitutional.

[5] The Jane/John Doe defendants are both unidentified and indeterminate in number. *See Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

7

be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Plaintiff's failure to not only make specific allegations against defendants but also to attribute particular constitutional violations against those defendants is fatal to her claims against them. The Court will therefore dismiss all Jane/John Doe defendants from this action.

> **B. Plaintiff's Allegations Against Judges Clayton and Bringer Sheppard, as well as Prosecutors Redington and Bryant, Fail to State a Claim.**

Plaintiff next asserts that Judges Rachel Bringer Sheppard and Robert Clayton, III failed to "follow procedures" relative to accepting her plea in 2010 and ordering her commitment to the Missouri Department of Mental Health. Plaintiff, however, has not made specific allegations against these judges. Plaintiff's conclusory allegations against Judges Clayton and Bringer Sheppard are subject to dismissal, as judges are entitled to judicial immunity.

Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity

8

because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.,* 931 F.3d 753, 760 (8th Cir. 2019). As such, plaintiff's allegations against Judges Clayton and Bringer Sheppard are subject to dismissal.

Similarly, plaintiff's allegations against prosecutors Thomas Redington and Luke Bryant, who plaintiff states "failed to follow pre-requisites" [sic], are also subject to dismissal. Prosecutors are absolutely immune from civil rights claims based on actions taken within the scope of their duties in initiating a criminal prosecution and presenting the state's case at trial. *Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). *See Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).

In this case, plaintiff has not made any specific claims of bias or corruption relating to prosecutors Redington or Bryant. Because plaintiff has not alleged that Redington and Bryant acted in any way that affected their duties as prosecutors, the Court cannot say they are not entitled to absolute immunity. A prosecutor is immune from suit even if he knowingly presents false, misleading, or perjured testimony, or withholds or suppresses exculpatory evidence, and plaintiff has not alleged that Jain went so far as to do so in this case. *Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 580 (8th Cir. 2006). Accordingly, plaintiff's allegations against prosecutors Redington and Bryant are subject to dismissal.

**C. Plaintiff's Claims Against her Missouri Public Defender, Johnathan Hoover, Are Subject to Dismissal.**

Plaintiff accuses Missouri Federal Public Defender Johnathan Hoover of failing to properly represent her in her 2010 criminal action. Because plaintiff's defense attorney did not act under of

9

color of state law, Johnathan Hoover cannot be liable for any violation of plaintiff's constitutional rights under § 1983.

"The essential elements of a [42 U.S.C.] § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers,* 960 F.2d at 750 (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"). For the aforementioned reasons, plaintiff's allegations against Johnathan Hoover are subject to dismissal.

### D. Plaintiff's Allegations Against the Marion County Circuit Court are Subject to Dismissal.

Plaintiff next claims that she should be able to hold the Marion County Circuit Court liable for her civil detainment in the Missouri Department of Mental Health. Plaintiff's claims against the Marion County Circuit Court are actually claims against the State of Missouri, who is immune from suit under the Eleventh Amendment. *See Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) (state courts as entities are not vulnerable to suits pursuant to 42 U.S.C. § 1983 because they are protected by Eleventh Amendment immunity); *see also Harris v. Missouri Court of Appeals, Western Dist.,* 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under

10

the eleventh amendment"). Given this immunity, plaintiff's claims against the Circuit Court of Marion County are subject to dismissal.

### E. Plaintiff's Claims Against Sheriff Jimmy Shinn are Subject to Dismissal

Next, plaintiff claims that the Sheriff of Marion County, Jimmy Shinn, should be held liable for her civil detainment in the Missouri Department of Mental Health. She asserts that Jimmy Shinn unlawfully arranged for transport to the Department of Mental Health.

To the extent plaintiff is bringing this action against the Marion County Sheriff's Department, such a claim is legally frivolous because a sheriff's department cannot be sued. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit."). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Unlike a jail or sheriff's department, a local governing body can be sued directly under 42 U.S.C. § 1983. In *Monell v. Department of Social Services*, the Supreme Court held that a municipality or local governing body can be directly liable under § 1983 for monetary, declaratory, or injunctive relief. 436 U.S. 658, 690-91 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

11

Here, plaintiff presents no facts to support the proposition that Marion County, Missouri has an unconstitutional policy or custom that caused her constitutional rights to be violated, or that the municipality engaged in a deliberately indifferent failure to train or supervise. Plaintiff has not shown that a policy exists because none of her conclusory statements point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita v. St. Louis Cty.,* 981 F.2d 1537, 1546 (8th Cir. 1992). Plaintiff has also not shown a "widespread, persistent pattern of unconstitutional misconduct" by County employees, much less that such misconduct was tacitly authorized by officials of the municipality. *See Johnson v. Douglas Cty. Med. Dep't,* 725 F.3d 825, 828 (8th Cir. 2013).

Thus, plaintiff has failed to state a municipal liability claim against Marion County, and her claim against it will be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### F. Plaintiff's Claims Against Lee Clayton, Counsel for the Department of Mental Health, are Subject to Dismissal

Last, plaintiff asserts that counsel for the Department of Mental Health, Lee Clayton Murray, acted unlawfully when he objected to plaintiff's application for conditional release in December of 2015.

Suing defendant Murray, a Department of Mental Health employee, is the equivalent to suing the State of Missouri. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id*. Additionally, the State, and therefore Murray, acting on behalf of the State, is entitled to immunity from suit under the Eleventh Amendment.

12

The Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. Though the express terms of the amendment refers only to suits by citizens of another state, the "Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court . . . ." *Welch v. Tex. Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 472 (1987).

There are exceptions to this general rule: "[i]f a State waives its immunity and consents to suit in federal court, the suit is not barred . . . ." *Id*. (citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883)). "[T]he Court will find a waiver by the State 'only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* (citing *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171 (1909)); *Church v. Missouri*, 913 F.3d 736, 743 (8th Cir. 2019) (citing *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors,* 476 S.W.3d 913, 914 (Mo. 2016) ("Missouri's state sovereign immunity applies unless 'it is waived or a statutory or recognized common law exception, such as consent is applicable")). Notably, in the context of this case, section 1983 does not "create a waiver of a State's Eleventh Amendment immunity . . . ." *Edelman*, 415 U.S. at 675-76. Because waiver of immunity must be express, dismissal is appropriate under the Eleventh Amendment. [6]

Plaintiff's case presents a highly unusual and highly unfortunate circumstance. The complaint identifies no legal remedy against defendants for the proposed violations of plaintiff's

---

[6] As noted above, although plaintiff states in her complaint that she would like to abolish "indefinite commitment," and that she would like a review of all NGRI pleas within seven days of commitment orders, these issues no longer apply to her as she is no longer a civil detainee. Furthermore, plaintiff has not included a claim in her complaint seeking to invalidate the Missouri NGRI statute or its concomitant plea proceedings. Accordingly, the Court cannot say that the *Ex parte Young* exception to Eleventh Amendment immunity applies. *See Ex parte Young,* 209 U.S. 123, (1908).

13

due process rights. As currently alleged, plaintiff identifies no avenue through which the Court might find the State, in and of itself, liable for monetary damages for the purported deprivation of rights experienced by plaintiff from 2010 and 2022.

## Conclusion

Having thoroughly reviewed and liberally construed the complaint and the supplemental documents, the Court concludes that it is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. The Court can envision no amendment to the complaint that would cause it to state a plausible claim for relief. The Court will therefore dismiss this action at this time, without prejudice, and will decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that any state law claims brought by plaintiff in this action are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that the Court **DISMISSES**, without prejudice, any and all claims in this lawsuit brought by plaintiff relating to her assertions that, during her tenure at the

Missouri Department of Mental Health, she was forcibly medicated, denied the ability to participate in transition programs and denied visitations. Because plaintiff's lawsuit in *Holman v. Vincenz, et al.,* No. 2:24-CV-00101 HEA (E.D.Mo.) relates to these claims, plaintiff may instead assert those claims in that lawsuit.

    A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

    Dated this 31st day of March, 2025.

                                                               HENRY EDWARD AUTREY
                                                         UNITED STATES DISTRICT JUDGE